# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| ISAAC BORDERS, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:08-CV-23 (CDL) |
| DAVID FRAZIER, Warden, | * | 28 U.S.C. § 2254 |
| | | Habeas Corpus Petition |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on May 23, 2008. (R-10). Petitioner was notified of his right to file a response to Respondent's Motion, and filed the same on June 27, 2008. (R-13).

The record reveals that in December of 1997, Petitioner was convicted of felony murder. (R-12-4; p. 857). Petitioner was thereafter sentenced to serve life in prison. *Id.* Petitioner filed a direct appeal of his conviction, which was affirmed by the Georgia Supreme Court. *See Borders v. State*, 270 Ga. 804 (1999). On November 23, 1999, Petitioner filed a state habeas petition in the Superior Court of Tattnall County. (R-12-4). After a hearing, the habeas court denied his petition on June 7, 2001, finding that Petitioner's grounds lacked merit. (R-12-2). Petitioner thereafter filed with the Georgia Supreme Court a certificate of probable cause to appeal, which was denied on May 13, 2002. (R-12-3).

On March 28, 2005, Petitioner filed a second state habeas corpus petition in Dooly County. (R-12-5). On June 20, 2005, the Dooly County Superior Court denied Petitioner

any relief, finding that his petition was successive. (R-12-6). On March 4, 2008, Petitioner filed the current application for federal habeas relief. (R-1).

**AEDPA Limitations Period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d

2

1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id.* at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id.* at 1338.

Pursuant to current law, Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Petitioner was convicted by a jury in December of 1997 and his conviction was affirmed by the Georgia Supreme Court on March 8, 1999. Petitioner filed a motion for reconsideration which was denied by the Court on April 2, 1999. In calculating the one-year statute of limitations for filing a § 2254 petition, a state prisoner's conviction does not become final until the expiration of the 90 days in which the prisoner *could have petitioned* the United States Supreme Court for *certiorari* on direct appeal. *Bond v. Moore,* 309 F.3d, 770, 773 (11th Cir. 2002). As such, Petitioner's judgment of conviction became final on July 1, 1999, which was 90 days after Court denied his motion for reconsideration. Petitioner then filed his state habeas corpus petition on November 23, 1999, which was 145 days following the date upon which his conviction became final for purposes of the AEDPA.

3

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his first state habeas petition. Hence, Petitioner had 220 days left in which to file a § 2254 petition when his certificate of probable cause was denied by the Georgia Supreme Court on May 13, 2002. Based on the foregoing, then, Petitioner's federal limitations period expired more than five years prior to March 4, 2008, when Petitioner filed his federal habeas petition.[1] Thus, Petitioner's application must be concluded to be barred

---

[1] Petitioner's limitations period was already expired when he filed his second state habeas corpus petition on March 28, 2005, but because that petition was successive, and therefore not

4

by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be **GRANTED** and Petitioner's § 2254 action be **DISMISSED** as untimely**.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 30th day of June, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw

---

properly filed, that filing is immaterial in this case.